THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROGER E. WEST
Assistant United States Attorney
First Assistant Chief, Civil Division
California Bar No. 58609
Room 4354, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2461
Fax: (213) 894-7819
E-mail: roger.west4@usdoj.gov

Attorneys for United States of America

Lodged Order

FILED
2009 FEB 11 PM 3:46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY NL

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE<br>LETTERS ROGATORY FROM THE THIRD CIVIL COURT, DISTRICT OF BALNEARIO CAMBORIU, SANTA CATARINA, BRAZIL | CV MISC. NO. 2:09-MC-15<br><br>APPLICATION FOR ORDER<br>(28 U.S.C. §1782) |

The United States of America by the undersigned, Thomas P. O'Brien, United States Attorney for the Central District of California, Leon W. Weidman, Assistant United States Attorney, Chief, Civil Division, by Roger E. West, Assistant United States Attorney, First Assistant Chief, petitions this Court for an Order pursuant to §1782 of Title 28 of the United States Code, in the form submitted, directing the taking of evidence from Craig Ian Evans who, it has been determined, resides or can be found within the jurisdiction of this Court, pursuant to the terms and conditions set forth in the Letters Rogatory issued by the above-

entitled court in Santa Catarina, Brazil, pertinent to the Brazilian civil proceeding, Franco Cecchini Bruni Neto v. Paul David Hewson, Larry Mullen, Mario Marques and Infoglobo Comunicações S.A., Docket Number 005.03.000544-7.

Attached as Exhibit 1 is a copy of the Letters Rogatory from the Brazilian court. [1] The questions to be posed to Craig Ian Evans appear on pages 18 through 21 and 33 through 35 of this Application. Notice will be given to all parties of the date, time and place of the taking of evidence. Attached as Exhibit 2 is the current contact information for counsel for all parties, which was provided to us on January 20, 2009 by Noah Siskind Gitterman, United States counsel for Messrs. Hewson and Mullen. [Application 371]

The only restrictions explicitly stated in 28 U.S.C. § 1782 are: (1) that the request be made by a foreign or international tribunal or any interested person; (2) that the testimony or material requested be for use in a proceeding in a foreign or international tribunal; and (3) that the person or entity from whom the discovery is sought is a resident of or can be found in the district where the application is filed. See In re Request for Judicial Assistance from the Seoul District Criminal Court, Seoul, Korea, 555 F.2d 720, 723 (9th Cir. 1977); United States v. Sealed 1, Letter of request for Legal Assistance from the Deputy Prosecutor General of the Russian Federation, 235 F.3d 1200, 1205 (9th Cir. 2000) (citing Korea at 555 F.2d at 723 that, "Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal"); In re Bayer AG, 146 F.3d 188, 192 (3d Cir. 1998).

All these three requirements are met in this case. First, the request was made by the Third Civil Court of Balneario Camboriu in Santa Catarina, Brazil,

[1] Pursuant to Local Rule 79-5.4, personal identifiers and sensitive and private information have been redacted.

which is a foreign tribunal. Second, there is a proceeding in that court entitled, Franco Cecchini Bruni Neto v. Paul David Hewson, Larry Mullen, Mario Marques and Infoglobo Comunicações S.A., Docket Number 005.03.000544-7, and the information being sought is for use in that proceeding by that court. Finally, it has been determined that Craig Ian Evans resides or can be found within the jurisdiction of this Court.

Therefore, the United States respectfully requests the Court to sign the Order, being lodged under separate cover, in order to permit the taking of evidence from Craig Ian Evans.

DATED: This 5th day of February, 2009.

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

ROGER E. WEST
Assistant United States Attorney
First Assistant Chief
Civil Division

Attorneys for
United States of America

# EXHIBIT 1: LETTERS ROGATORY



**ESTADO DE SANTA CATARINA**
**PODER JUDICIÁRIO**
**Comarca de Balneário Camboriú**
**3ª Vara Cível**

**Prioridade Idoso**

## CARTA ROGATÓRIA

**Autos n° 005.03.000544-7**

JUÍZO ROGANTE: Comarca de Balneário Camboriú

JUÍZO ROGADO: Ao Juízo Competente de Beverly Hills, Califórnia, Estados Unidos da América, ou a quem suas vezes fizer e o conhecimento desta deva pertencer.

O Exmo.(a) Sr.(a). Dr. (a) da Comarca de Balneário Camboriú

**FAZ SABER**

Que perante este Juízo se processam regularmente os atos e termos da **Ação: Indenizatória/Ordinário,** proposta por **Requerente:** Franco Cecchini Bruni Neto, contra **Requerido:** Paul David Hewson e outros, tudo de conformidade com as peças que seguem, as quais ficam fazendo parte integrante desta rogatória.

**FINALIDADE: inquirição** da testemunha: Craig Ian Evans, cidadão canadense, com residência permanente nos Estados Unidos da América, endereço [redacted] Beverly Hills, Califórnia, ZIP Code 90210, conforme decisão fl. 2047 e 2110, quesitos em fls. 2041/2044 e 2075/2078 cujas cópias seguem em anexo, como parte integrante desta.

**PRAZO:** 30 dias.

**ADVOGADO(A) DO(A) AUTOR (A):** Antônio Carlos Morais Gottardi – OAB /SC 14.146.

Assim, pelo que dos autos consta, expediu-se a presente, a qual roga a Vossa Excelência que, após exarar o seu respeitável "CUMPRA-SE", se digne determinar as diligências para o seu inteiro cumprimento, com o que estará prestando relevantes serviços a Justiça, garantido a autoridade expedidora reciprocidade nos limites que a legislação brasileira e os tratados pertinentes permitirem.

Dada e passada nesta Cidade e Comarca de Balneário Camboriú (SC), República Federativa do Brasil, aos 17 de março de 2008. Eu, Maria Do Carmo Dias Soares, o digitei, e eu, ________, Ana Paula Dellaguistina, Escrivã Judicial, o conferi e subscrevi.

Dayse Herget de Oliveira Marinho
Juíza de Direito

Endereço: Avenida das Flores, s/n°, dos Estados - CEP 88.339-900, Balneário Camboriú-SC - E-mail: bcuciv3@tj.sc.gov.br



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 085 Translation nº | Livro/Book 2 | Fls/Page 040 |
|---|---|---|

I, Rosemary Ivone Carvalho Teixeira, Public and Sworn Translator, certify and acknowledge the receipt of one original document in Portuguese, which I identify as **LETTER ROGATORY** , from which I translate into English:

Coat of arms
STATE OF SANTA CATARINA
JUDICIARY BRANCH
Judiciary District of Balneario Camboriu
3rd Civil Court

Older People Priority

**Letter Rogatory**

**Docket nr. 005.03.000544-7**

REQUESTING COURT : Civil Court of the Judiciary District of Balneario Camboriu

RECEIVING COURT : Justice of Beverly Hills, California, United States of America, or to the court on behalf of it or to the appropriate judicial authority.

The Most Worthy Court Judge at the Judiciary District of Balneario Camboriu

MAKES IT KNOWN

That before this Court the acts and terms of the **Lawsuit: Compensation/Ordinary**, requested by the **Plaintiff**: Franco Cecchini Bruni Neto, against **Defendant**: Paul David Hewson et al, pursuant to the attached documents, which are now essential part of this letter rogatory.

**PURPOSE** : **Inquiry** of the witness : Craig Ian Evans, Canadian citizen, permanent resident in the United States of America, [redacted] Beverly Hills, California, ZIP Code 90210, according to resolution pages 2047 and 2110, questions on pages 2041/2044 and 2075/2078, copies duly attached as essential part herein.

**TIME REQUIRED TO EXECUTION** : 30 days

**ATTORNEY OF THE PLAINTIFF** : Antonio Carlos Morais Gottardi – Brazilian Bar Association /SC branch (OAB)14.146



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 085 Translation nº | Livro/Book 2 | Fls/Page 041 |
|---|---|---|

By virtue of herein court records, it was hereby issued Letter Rogatory, the tenor of which is to REQUEST judicial assistance and the necessary arrangements are made for thorough compliance hereto, which relevant services to the Brazilian Justice and a special favor to this Court will be rendered and done, the issuing authority ensuring reciprocity to the extent allowed by the Brazilian legislation and the applicable treaties.

Given and occurred in this City and Judiciary District of Balneario Camboriu (SC), Brazilian Federative Republic on the 17th day of March, 2008. I, Maria do Carmo Dias Soares, have typed it, and I (not signed), Ana Paula Dellaguistina, Judiciary Technical Clerk, have checked and signed it.

(illegible signature)
Dayse Herget de Oliveira Machado
Court Judge

Address : Avenida das Flores, w/nr, dos Estados – Zip Code 88339-900 – Balneario Camboriu – SC – e-mail : bcuciv3@tj.sc.gov.br

In witness whereof, nothing else was written on the document above, which I return with this translation typed in one copy that I checked, found in accordance and sign.

Joinville, April 10th , 2008

3º TABELIONATO DE NOTAS

(signature)
Rosemary Ivone Carvalho Teixeira

TOTAL FEES (B): R$ 73,53 (seventy three Brazilian reales 53/100)
1,71 pages x R$ 43,00 - Receipt no. 039 # 1

**Quesitos à testemunha**

1. Qual é sua profissão e qual seria a melhor descrição do que o Sr. faz.

2. Há quanto tempo o Sr. trabalha nesse ramo?

3. Quantos eventos o Sr. teve oportunidade de coordenar/organizar e qual a natureza de tais eventos?

4. O Sr. tem alguma experiência internacional? Por favor, descreva-a da maneira mais detalhada possível.

5. O Sr. conhece Larry Mullen Junior, Paul David Hewson, Paul McGuinness, Arthur Fogel, Fran Tomasi e/ou Michael Cohl?

6. É do seu conhecimento que o Sr. Bruni tenha se tornado amigo pessoal de algum deles? Por favor descreva o tipo de amizade da forma mais detalhada possível.

7. Por favor, descreva da forma mais detalhada possível seu relacionamento com os Srs. Paul Hewson e Larry Mullen Jr: há quanto tempo o Sr. os conhece, qual era o tipo de relação existente em 1998 (ao tempo da organização e celebração do *show* no Brasil) e quaisquer outras informações relacionadas a esse evento que o Sr. entender relevantes.

JUR_SP 6594752v1 18017.230718

http://cdlflorianopolis.org.br/hordc/imp/view.php?thismailbox=INBOX&index=359&id=2&actionID=113&mime=4a7fc90d2d6d439c1cb6

bc254b4c0694

8.    Por favor, descreva da forma mais detalhada possível seu relacionamento com a Banda U2: qual era a relação existente em 1998 (ao tempo da organização e celebração do *show* no Brasil).

9.    Por favor, descreva da forma mais detalhada possível seu relacionamento com o Sr. Franco Cecchini Bruni Filho ("Sr. Bruni"): como o Sr. o conheceu, como era o relacionamento entre o Sr. e o Sr. Bruni em 1998, mais precisamente ao tempo da organização do *show* no Brasil: eventuais negócios juntos, amizade ou relacionamento comercial.

10.    Por favor, descreva da forma mais detalhada possível a reputação do Sr. Bruni na organização de *shows* do porte desse que envolveu a Banda U2 e, de acordo com a sua experiência, se ele poderia ser visto como um experiente organizador de *shows* no momento da organização do *show* do U2 no Brasil.

11.    Como o Sr. Bruni foi contratado para organizar o show do U2 em 1998? Por favor, descreva da forma mais detalhada possível como se deram as negociações para essa contratação.

12.    Por favor, descreva da forma mais detalhada possível, todos os fatos relevantes relacionados aos 3 shows da Banda U2 ocorridos no ano de 1998, especialmente em relação ao Sr. Bruni e a seus respectivos assistentes/sua respectiva equipe.

13.    Que papel esperava-se que o Sr. Bruni desempenhasse na organização do show do U2 em 1998?

14.    É verdade que o show estava planejado para ser realizado no Estádio do Maracanã? Existia algum contrato que previa que o show devesse ser realizado no Estádio do Maracanã? Houve alguma razão para que o show fosse ali realizado?

15.    De acordo com os fatos que o Sr. conhece, o Sr. Bruni celebrou algum contrato com as autoridades brasileiras, incluindo, mas não se limitando, à reserva do Estádio do Maracanã para a realização do show?



16. Houve algum problema ou dificuldade criados pelo próprio Sr. Bruni com relação à organização do show? Por favor, descreva-os da maneira mais detalhada possível.

17. Poderia o Sr. Bruni ter conseguido resolver as dificuldades surgidas e como poderia ele ter cumprido as tarefas necessárias para garantir que o show ocorresse no Estádio do Maracanã? Por favor, descreva-os da maneira mais detalhada possível.

18. De acordo com os fatos que o Sr. conhece, o Sr. Bruni deixou de cumprir com alguma obrigação que lhe coubesse com relação à organização do show? Por favor, descreva-os da maneira mais detalhada possível.

19. Por favor descreva qual o motivo que o trouxe ao Brasil em 1998.

20. De acordo com os fatos que o Sr. conhece, por que razão o show não foi realizado no Estádio Maracanã, e teve de ser transferido para o Autódromo de Jacarepaguá?

21. Por favor, informe se a venda dos ingressos já tinha sido iniciada quando o show foi transferido do Estádio do Maracanã para o Autódromo de Jacarepaguá.

22. De acordo com os fatos que o Sr. conhece, Sr. Bruni tomou providências perante as autoridades da cidade do Rio de Janeiro para obter assistência de paramédicos (ambulâncias e demais serviços necessários para atendimento de público), controle de tráfego, transporte público, estacionamento e/ou policiamento para a realização do show? Houve algum problema em relação a isso? Por favor, descreva-os da maneira mais detalhada possível.

23. O Sr. tem alguma informação relativa a pagamentos que deveriam ter sido feitos pelo Sr. Bruni à Banda U2 ou às autoridades brasileiras? Houve alguma evidência de falta de fundos por parte do Sr. Bruni? Por favor, descreva-os da maneira mais detalhada possível.



24.    O Sr. tem conhecimento de que o Sr. Bruni tenha deixado de pagar algum valor à Banda U2 ou às autoridades brasileiras? Direitos autorais? Honorários de prestadores de serviços? Algum outro? Por favor, descreva-os da maneira mais detalhada possível.

25.    Qual a sua opinião sobre a atuação e o trabalho do Sr. Bruni com relação à organização do show em 1998?

26.    Por favor, descreva da forma mais detalhada possível, todos os fatos relevantes relacionados à turnê do U2 ao Brazil em 2000.

27.    O Sr. tem alguma informação em relação à alguma entrevista que Larry Mullen Junior e Paul David Hewson tenham concedido à imprensa brasileira em 2000. Por favor, descreva da forma mais detalhada possível.

28.    O Sr. tem conhecimento ou alguma informação em relação à notícia publicada no jornal "O Globo" em 2000?

29.    O Sr. acredita que a mencionada notícia poderia de alguma forma ter causado quaisquer danos financeiros e/ou psicológicos ao Sr. Bruni?

30.    Com base em sua experiência profissional e nos fatos e eventos que o Sr. teve a oportunidade de testemunhar em relação à show da Banda U2 em 1998 no Rio de Janeiro, Brasil, qual a sua impressão em relação à organização/resultado do show?



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 033 Translation nº | Livro 1 Book | Fls 083 Page |
|---|---|---|

I, Rosemary Ivone Carvalho Teixeira, Public and Sworn Translator, certify and acknowledge the receipt of one document in Portuguese, received via e-mail, which I identify as **QUESTIONS TO WITNESS**, from which I translate into English :

Questions to witnesses

1. What is your occupation and what would be its best description.

2. How long have you been working in this field of activity ?

3. How many events did you have the chance of coordinating/organizing. Please describe the nature of such events ?

4. Do you have any international experience? Please describe it as much detailed as possible

5. Do you know Larry Mullen Junior, Paul David Hewson, Paul McGuinness, Arthur Fogel, Fran Tomasi and/or Michael Cohl?

6. Do you know if Mr. Bruni has become personal friend of one of them? Please describe the kind of friendship as much detailed as possible.

7. Please describe, as much detailed as possible, your relationship with Messrs. Paul Hewson and Larry Muller Jr: since when do you know them, what was the kind of relationship existing in 1998 (at the time of the organization and celebration of the concert in Brazil) and any other information related to such event which you consider to be relevant.

8. Please describe, as much detailed as possible, your relationship with the U2 Band: what was the relationship existing in 1998 (at the time of the organization and celebration of the concert in Brazil).

9. Please describe, as much detailed as possible, your relationship with Mr. Franco Cecchini Bruni Filho ("Mr. Bruni"): how do you meet him, how was the relationship between you and Mr. Bruni in 1998, more precisely at the time of the organization of the concert in Brazil: possible business together, friendship or commercial relationship.



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 033 | Livro | Fls |
|---|---|---|
| Translation nº | 1 | 084 |
| | Book | Page |

10. Please describe, as much detailed as possible, the reputation of Mr. Bruni as far as organization of concerts of such importance as an U2 Band's and, according to your experience, if he could be considered as an experienced concerts organizer at the time of the organization of the U2 concert in Brazil.

11. How Mr. Bruni was hired to organize the U2 concert in 1998? Please describe, as much detailed as possible, how the negotiations for such hiring took place.

12. Please describe, as much detailed as possible, all the relevant facts related to the three U2 concerts in 1998, mainly in respect to Mr. Bruni and his respective assistants/team.

13. Which role was expected Mr. Bruni to perform in the organization of the U2 concert in 1998?

14. Is it true that the concert was scheduled to take place in the Maracanã Stadium? Was there any contract establishing that the concert would have to take place in the Maracanã Stadium? Was there any reason why the concert had to take place there?

15. According to the facts of your knowledge, did Mr. Bruni entered into any contract with the Brazilian authorities, including, but not limited to, the booking of the Maracanã Stadium for the concert?

16. Was there any problem or difficulty created by Mr. Bruni himself, in relation to the organization of the concert? Please describe it, as much detailed as possible.

17. Could Mr. Bruni been able to solve the difficulties which came along and how could he accomplish the necessary tasks in order to guarantee that the concert would take place in the Maracanã Stadium? Please describe, as much detailed as possible.



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 033<br>Translation nº | Livro<br>1<br>Book | Fls<br>085<br>Page |
|---|---|---|

18. According to the facts of your knowledge, did Mr. Bruni refrained from complying with any obligation which felt to him in relation to the organization of the concert? Please describe, as much detailed as possible.

19. Please describe the reason which brought you to Brazil in 1998.

20. According to the facts that you are aware of, why the concert did not take place at the Maracanã Stadium, and had to be transferred to the Jacarepaguá Circuit?

21. Please inform if the ticket sales had already started when the concert was transferred from Maracanã Stadium to the Jacarepaguá Circuit?

22. According to the facts of your knowledge, did Mr. Bruni make the arrangements before the authorities of the city of Rio de Janeiro in order to obtain paramedical assistance (ambulances and other necessary services for the public assistance), traffic control, public transportation, parking and/or police supervision for the concert? Was there any problem in relation thereto? Please describe, as much detailed as possible.

23. Do you have any information regarding payments which should have been performed by Mr. Bruni to U2 Band or to the Brazilian authorities? Was there any evidence of lack of funds from Mr. Bruni side? Please describe, as much detailed as possible.

24. Are you aware if Mr Bruni has failed to pay any amount to the U2 Band or to the Brazilian authorities? Copyrights? Services renderers' fees? Or any other? Please describe, as much detailed as possible.

25. What is your opinion about Mr. Bruni´s work and performance in relation to the organization of the concert in 1998?

26. Please describe, as much detailed as possible, all the relevant facts related to the U2 tour to Brazil in 2000.





**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 033 | Livro | Fls |
|---|---|---|
| Translation nº | 1 | 086 |
| | Book | Page |

27. Do you have any information about any interview granted by Larry Mullen Junior and Paul David Hewson to the Brazilian press in 2000? Please describe, as much detailed as possible.

28. Are you aware of or do you have any information about the news published in the newspaper "O Globo" in 2000?

29. Do you believe that the mentioned news could have caused, in any way, any financial and/or psychological damage to Mr. Bruni?

30. Based on your professional experience and on the facts and events which you had the opportunity to witness in relation to the 1998 U2 concert in Rio de Janeiro, Brazil, what are your impressions about the organization/result of the concert?

NOTHING ELSE was written on the document above, which I return with this translation typed in three copies that I checked, found in accordance and sign.

Joinville, January 31th , 2008

Rosemary Ivone Carvalho Teixeira

4,36 pages –FEES B: 4,36 X R$ 86,00 = R$ 374,96 total fees : R$ 374,96
Receipt no. 012 - 001

Important : An official translation is valid only when accompanied by the original document (or copy of it) bearing the translator's stamp and initials.



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 033<br>Translation nº | Livro<br>1<br>Book | Fls<br>086 A<br>Page |
|---|---|---|

**Pages 2041 to 2044**

**Doc. 04**

There are the following footnotes on the document :
Page 2041[1] – JUR_SP 6594752V1 - 18017.23718
http://edlflorianopolis.org.br/horde/imp/view.php?thismailbox=INBOX&index=359&id=2&actionID=113&mime=4a7fc90d2d6d439cicb6
bc254b4c0694
Page 2042[2] – JUR_SP 6594752V1 - 18017.23718
Page 2043[3] - JUR_SP 6594752V1 - 18017.23718
Page 2044[4] - JUR_SP 6594752V1 - 18017.23718



CARLOS MAFRA DE LAET
·ADVOGADOS·

RIO DE JANEIRO
Carlos Maximiano Mafra de Laet
Adam Miranda Sá Stehling
Cesar Augusto Sayão Garcez
Rogério Zouein
Patricia de Lima Guimarães Coelho Alonso
José Ricardo Martins dos Anjos
Claudia Storino dos Santos
Patricia Pontes de Miranda Siqueira
Vinicius Donato Reiff Mortani
Érika de Moraes Silva Bordallo
Ricardo Lopes Moreira
Anna Carolina Palhares e Silva
Filipe Quintana
Leandro Medeiros do Brasil Gomes
Fernanda Veras Ribeiro
Ariella Garcia Leite
Rodrigo Quinn Lopes Gonçalves
Raphael da Penha Kovacs
Aline Garcia Silva
Laila Soares Deccache
Bruno Wermelinger de Oliveira
Ramiro Oliveira Santos de Azevedo
Bruno de Castro Almeida
Aline dos Santos Vilela
Luana Soares Cardoso Rodrigues
Raphael Ruben Araújo S.Martins Silva
Flavia Cruz Gonçalves
Magaly Araujo de Souza
Selma Cardoso
Andréa dos Reis Fonseca Grativol
Priscilla Sant'Anna Sergio Brito
Arlete Maria Moreira Carneiro
Vanessa Souza Tavares
Luciana de Andrade Pinheiro
Karina Moutinho Rodrigues
Juliana Machado de La Rocque Meireles
Christiane Freitas de Mello Couto
Halisante dos Anjos Vieira Neto
Kátia Machado Cristo
Luciana Favieri Ferreira
Gilda Maria Kastrup Silva Frejat
Alessandra Reis da Rocha
Paula de Almeida Marques
Michel Pinheiro Capalupo
Humberto Portocarrero Ripper Vianna
Bianca Lincher Carneiro
Silvia Frossard Santos
Guilherme Noguerol Veiga
Alfredo Augusto Viana Braga da Silva
Marcel Pinheiro Capalupo

CONSULTORES:
James Frederico de Miranda Jordão Clark
Patricia Oki Moreira Lima
Marcelo da Silveira Ferreira

SÃO PAULO
Leila Queiroz Frossard
Luciane Brito de Sousa
Ana Paula N. dos Reis Sousa
Regina Célia Bezerra de Araújo
Viviane Figueiredo
Danilo José Ribaldo
Andréia Padovani Matiel
Marisa Marcatto
Nair Wilma Pegoraro
Leandro Berchielli

CONSULTOR:
João Luiz Cunha dos Santos

PARIS
Jean Claude Aurel
Constance Ambroselli

PROT/DIST/BMU 07 FEV 2008 18:30 001324

**EXMO. SR. DR. JUIZ DE DIREITO DA 3ª VARA CÍVEL DA COMARCA DE BALNEÁRIO CAMBORIÚ**

Processo nº: 005.003.000544-7

**INFOGLOBO COMUNICAÇÕES S/A** e **MÁRIO MARQUES**, nos autos do processo em epígrafe, na ação que lhe move **FRANCO CECCHINI BRUNI NETO**, vêm, em atendimento ao r. despacho exarado por V. Exa., oferecer seus quesitos a serem respondidos pelo Sr. Craig Ian Evans, conforme relacionado abaixo.

1. Qual a sua profissão?
2. Que tipo de eventos são organizados por V. Sa.?
3. Há quanto tempo organiza eventos?
4. Já organizou algum tipo de evento internacional? Caso positivo, descreva-os com detalhes.
5. V. Sa. conhece ou travou qualquer contato com os senhores Paul David Hewson, Larry Mullen Junior, Paul McGuiness, Arthur Fogel, Fran Tomasi e Michael Cohl?

Av. Rio Branco, 85 - 6° e 8° andares
20040-004 Rio de Janeiro-RJ - Brasil
Tel.: [55] [21] 3171-4300
Fax.:[55] [21] 3171-4343
www.cmladv.com

Av. Nove de Julho, 5.109 - 2°
01407-200 São Paulo-SP - Brasil
Tel.: [55] [11] 2171-4350
Fax.: [55] [11] 2171-4355

Rue de la Pompe, 164 - 2°
75016 Paris - France
Tel.: [331] 56.90.00.62
Fax.: [331] 56.90.08.00

6. Caso tenha conhecimento de alguma(s) dessas pessoas, pode descrever a atividade que ele(s) desenvolve(m)?
7. Qual é o seu relacionamento com os senhores Paul David Hewson e Larry Mullen Junior, bem como com os outros integrantes da banda "U2"?
8. V. Sa. participou de alguma forma da organização do *show* realizado pelo U2 na cidade do Rio de Janeiro em janeiro de 1998?
9. Favor descrever qualquer informação relacionada ao referido *show*.
10. V. Sa. teve conhecimento de qualquer tipo de problema na organização do *show*, seja anterior ou posterior à realização do mesmo?
11. V. Sa. conhece o Sr. Franco Cecchini Bruni Neto?
12. O Sr. Bruni poderia ser considerado uma pessoa experiente na organização de eventos do porte do *show* de uma banda como o U2?
13. Quais eram as informações que V. Sa. tinha a respeito do Sr. Bruni antes da realização do *show*?
14. Como se deu a contratação do Sr. Bruni para a organização dos *shows* do U2 no Brasil?
15. Quais foram os termos das negociações para a contratação do Sr. Bruni?
16. Houve algum fato relevante relacionado ao Sr. Bruni e/ou sua equipe, quando da organização/realização dos *shows* do U2 no Brasil no ano de 1998?
17. O que era esperado do Sr. Bruni, no que diz respeito à organização/realização dos *shows* do U2 no Brasil no ano de 1998?
18. Em qual local estava prevista a realização do *show* que ocorreu na cidade do Rio de Janeiro?
19. Houve alguma alteração no local original? Caso positivo, qual foi o motivo?
20. V. Sa. tem conhecimento dos termos do contrato firmado entre o Sr. Bruni e as autoridades brasileiras no sentido de determinar o local da realização do *show* da cidade do Rio de Janeiro?
21. Havia determinação de algum local (no caso o Maracanã) ou esta seria apenas uma das opções?
22. V. Sa. tomou conhecimento de alguma dificuldade e/ou problemas criados pelo Sr. Bruni relacionados à organização do *show*? Caso positivo, descreva os fatos.

Av. Rio Branco, 85 - 6° e 8° andares
20040-004 Rio de Janeiro-RJ - Brasil
Tel.: [55] [21] 3171-4300
Fax.:[55] [21] 3171-4343
www.cmladv.com

Av. Nove de Julho, 5.109 - 2°
01407-200 São Paulo-SP - Brasil
Tel.: [55] [11] 2171-4350
Fax.: [55] [11] 2171-4355

Rue de la Pompe, 164 - 2°
75016 Paris - France
Tel.: [331] 56.90.00.62
Fax.: [331] 56.90.08.00

CARLOS MAFRA DE LAET
ADVOGADOS

23. V. Sa. tomou conhecimento de qualquer obrigação que o Sr. Bruni tenha deixado de cumprir em relação à organização do *show*?

24. Qual foi o motivo da sua vinda ao Brasil em 1998, antes da realização dos *shows* do U2?

25. Já havia se iniciado a venda dos ingressos do *show* da cidade do Rio de Janeiro, quando da transferência de local do Maracanã para o Autódromo de Jacarepaguá?

26. V. Sa. tem conhecimento se o Sr. Bruni tomou todas as providências necessárias na organização do *show*, tais como esquema de trânsito, controle de tráfego, comunicação às autoridades competentes, contratação de ambulâncias e pessoal necessário para atendimento ao público, policiamento, estacionamento, ou qualquer outra medida que deva ser tomada na organização de um evento de grande porte?

27. V. Sa. tem conhecimento dos pagamentos a serem realizados pelo Sr. Bruni à banda U2 ou a qualquer autoridade ou fornecedor? Restou demonstrado em algum momento que o Sr. Bruni não dispunha das quantias necessárias?

28. V. Sa. tem conhecimento de que a banda U2 ou qualquer das autoridades brasileiras e/ou fornecedores tenham deixado de receber algum valor pertinente à prestação dos serviços e/ou realização do *show*?

29. Caso V. Sa. tenha conhecimento de algum fato relacionado a falta de pagamento, descreva de forma minuciosa? Direitos Autorais? Fornecedores? Prestadores de serviço? Músicos? A própria banda U2?

30. Qual é sua avaliação em relação ao trabalho do Sr. Bruni, enquanto organizador do *show* da banda U2 no Rio de Janeiro em 1998?

31. Baseando-se em sua experiência profissional, qual sua opinião em relação à organização do *show* da banda U2 na cidade do Rio de Janeiro em 1998?

32. E quanto ao resultado, foi satisfatório?

33. V. Sa. tem conhecimento dos motivos da viagem da banda U2 ao Brasil no ano de 2000?

34. V. Sa. tem conhecimento de qualquer entrevista concedida pelos integrantes da banda U2 no Brasil, à época de sua visita no ano de 2000? Caso positivo, descreva minuciosamente.

Av. Rio Branco, 85 - 6° e 8° andares
20040-004 Rio de Janeiro-RJ - Brasil
Tel.: [55] [21] 3171-4300
Fax.:[55] [21] 3171-4343
www.cmladv.com

Av. Nove de Julho, 5.109 - 2°
01407-200 São Paulo-SP - Brasil
Tel.: [55] [11] 2171-4350
Fax.: [55] [11] 2171-4355

Rue de la Pompe, 164 - 2°
75016 Paris - France
Tel.: [331] 56.90.00.62
Fax.: [331] 56.90.08.00

27

CARLOS MAFRA DE LAET
·ADVOGADOS·

4

35. V. Sa. tem conhecimento do teor da notícia publicada no jornal "O Globo" no ano de 2000?

36. Caso positivo, a mencionada reportagem poderia ter causado qualquer tipo de dano ao Sr. Bruni, seja de natureza financeira ou psicológica?

Nestes termos,
Pede deferimento.

Balneário Camboriú, 07 de janeiro de 2008.

**ANDRÉIA NÓBREGA**
**OAB/SC 16.349**

Av. Rio Branco, 85 - 6º e 8º andares
20040-004 Rio de Janeiro-RJ - Brasil
Tel.: [55] [21] 3171-4300
Fax.:[55] [21] 3171-4343
www.cmladv.com

Av. Nove de Julho, 5.109 - 2º
01407-200 São Paulo-SP - Brasil
Tel.: [55] [11] 2171-4350
Fax.: [55] [11] 2171-4355

Rue de la Pompe, 164 - 2º
75016 Paris - France
Tel.: [331] 56.90.00.62
Fax.: [331] 56.90.08.00

29



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 090<br>Translation nº | Livro/Book 2 | Fls/Page<br>049 |
|---|---|---|

I, Rosemary Ivone Carvalho Teixeira, Public and Sworn Translator, certify and acknowledge the receipt of one original document in Portuguese, which I identify as **QUESTIONS TO WITNESS – FROM CO-DEFENDANTS : INFOGLOBO AND MARIO MARQUES**, from which I translate into English:

***Pages 2075 to 2079***

Carlos Mafra de Laet – Advogados (Law Firm)

**Rio de Janeiro**
Carlos Maximiano Mafra de Laet
Adam Miranda Sá Stehling
Cesar Augusto Sayão Garcez
Rogério Zouein
Patrícia de Lima Guimarães Coelho Alonso
José Ricardo Martins dos Anjos
Claudia Storino dos Santos
Patricia Pontes de Miranda Siqueira
Vinicius Donato Reiff Mortani
Érika de Moraes Silva Bordallo
Ricardo Lopes Moreira
Anna Carolina Palhares e Silva
Filipe Quintana
Leandro Medeiros do Brasil Gomes
Fernanda Veras Ribeiro
Ariella Garcia Leite
Rodrigo Quinn Lopes Gonçalves
Raphael da Penha Kovacs
Aline Garcia Silva
Laila Soares Deccache
Bruno Wermelinger de Oliveira
Ramiro Oliveira Santos de Azevedo
Bruno de Castro Almeida
Aline dos Santos Vilela
Luana Soares Cardoso Rodrigues
Raphael Ruben Araújo S. Martins Silva
Flavia Cruz Gonçalves
Magaly Araujo de Souza
Selma Cardoso
Andréa dos Reis Fonseca Grativol
Priscilla Sant´Anna Sergio Brito
Arlete Maria Moreira Carneiro
Vanessa Souza Tavares
Luciana de Andrade Pinheiro
Karina Moutinho Rodrigues
Juliana Machado de La Rocque Meireles
Christiane Freitas de Mello Couto
Halisante dos Anjos Vieira Neto
Kátia Machado Cristo
Luciana Favieri Ferreira

**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 090<br>Translation nº | Livro/Book 2 | Fls/Page<br>050 |
|---|---|---|

Gilda Maria Kastrup Silva Frejat
Alessandra Reis da Rocha
Paula de Almeida Marques
Michel Pinheiro Capalupo
Humberto Portocarrero Ripper Vianna
Bianca Lincher Carneiro
Silvia Frossard Santos
Guilherme Noguerol Veiga
Alfredo Augusto Viana Braga da Silva
Marcel Pinheiro Capalupo

**São Paulo**
Leila Queiroz Frossard
Luciana Brito de Sousa
Ana Paula N. dos Reis Sousa
Regina Célia Bezerra de Araújo
Viviane Figueiredo
Danilo José Ribaldo
Andréia Padovani Matiel
Marisa Marcatto
Nair Wilma Pegoraro
Leandro Berchielli

**Counselors**
James Frederico de Miranda Jordão Clark
Patrícia Oki Moreira Lima
Marcelo da Silveira Ferreira

**Counselor**
João Luiz Cunha dos Santos

**Paris**
Jean Claude Aurel
Constance Ambroselli

There is an authentication/protocol in the right side of the page, that reads :
Prot/Dist/BNU 07 Feb 2008 18:30 pm 001324

TO THE HONORABLE JUDGE OF THE 3RD CIVIL COURT OF JUDICIAL DISTRICT OF BALNEARIO CAMBORIU
Docket nr. 005.003.000544-7

INFLOGLOBO COMUNICAÇÕES S/A and MARIO MARQUES, in the court records concerning the legal action brought against them by **Franco Cecchini Bruni Neto**, come to the presence of Your Honor with all due respect to offer their question to be answered by Mr. Craig Ian Evans, stated in the following items :

**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 090<br>Translation nº | Livro/Book 2 | Fls/Page<br>051 |
|---|---|---|

1. What is your occupation ?
2. What kind of events do you organize ?
3. How long do you organize events ?
4. Did you already organize any kind of international event ? If positive, please describe it as much detailed as possible.
5. Do you know or did make any contact with Mr. Paul David Hewson, Larry Mullen Junior, Paul McGuiness, Arthur Fogel, Fran Tomasi and Michael Cohl ?
6. In the case you know any of this (these) person(s), could you please describe the activity that he performs/they perform ?
7. What is the kind of relationship with Mr. Paul David Hewson and Mr. Larry Mullen Junior, as well with the other members of the U2 Band ?
8. Did you participate ,in any way , in the organization of the concert made by U2 in Rio de Janeiro city, on January 1998 ?
9. Please describe any information related to the mentioned concert.
10. Did you know anything about any kind of problem in the organization of the concert, being before or after it took place ?
11. Do you know Mr. Franco Cecchini Bruni Neto ?
12. Can Mr. Bruni be considered as an experienced person in the organization of events of such importance like a concert with a band like U2 ?
13. Which were the information that you had about Mr. Bruni before the concert happening ?
14. How Mr. Bruni was hired to organize the U2 concerts in Brazil ?
15. Which were the terms of the negotiations for Mr. Bruni hiring ?
16. Was there any relevant fact related to Mr. Bruni and/or your team, during the organization/realização of the concerts of U2 in Brazil, in 1998 ?



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 090<br>Translation nº | Livro/Book 2 | Fls/Page<br>052 |
|---|---|---|

17. What was expected from Mr. Bruni, regarding the organization/happening of the concerts of U2 in Brazil, in 1998 ?

18. In which place the concert in Rio de Janeiro city was scheduled to take place ?

19. Was there any change on the original place ? If positive, what was the reason ?

20. Do you have any information about the terms of the contract established between Mr. Bruni and the Brazilian authorities in the sense of determining the place where the concert would take place in Rio de Janeiro city ?

21. Was there the definition of some place (in this case, the Maracanã Stadium) or this would only be one of the options ?

22. According to the facts of your knowledge, was there any difficulty and/or problems created by Mr. Bruni himself in relation to the organization of the concert ? If positive, please describe it.

23. According to the facts of your knowledge, did Mr. Bruni refrain from complying with any obligation in relation to the organization of the concert ?

24. What was the reason of your coming to Brazil in 1998, prior to the happening of the U2 concerts ?

25. Had the ticket sales to the concert in Rio de Janeiro city already started when the place was transferred from Maracanã Stadium to the Jacarepagua Circuit ?

26. According to the facts of your knowledge, did Mr. Bruni make the necessary arrangements for the concert organization, such as traffic management, traffic control, communication to the competent authorities, ambulance assistance and staff necessary for the public assistance, police supervision, parking, and any other arrangements which should be done in the organization of such an important event ?

27. Are you aware about the payments to be done by Mr. Bruni to the U2 Band or to any authority or supplier ? Was it manifested , any time, that Mr. Bruni did not have the necessary amounts ?

28. Are you aware that the U2 Band or any Brazilian authorities and/or suppliers would have refrained to receive any value related to the services rendering fees and or concert happening ?



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 090<br>Translation nº | Livro/Book 2 | Fls/Page<br>053 |
|---|---|---|

29. In the case you have had knowledge of any fact related to the lack of payment, please describe it as much detailed as possible. Copyrights ? Suppliers ? Services renderer´s fees ? Musicians ? The U2 Band itself ?

30. What is you evaluation regarding the job of Mr. Bruni, as organizer of the U2 Band concert in Rio de Janeiro, in 1998 ?

31. According to your own professional experience, what is your opinion about the organization of the concert of U2 Band in Rio de Janeiro city, in 1998 ?

32. What about the results, were they satisfactory ?
33. Are you aware of the reasons of the trip of the U2 Band to Brazil in the year 2000 ?

34. Do you have any information about any interview granted by the components of the U2 Band in Brazil, at the time of their visit in the year 2000 ? If positive, please describe as much detailed as possible.

35. Do you have any information on the tenor of the news published in the newspaper "O Globo" in 2000 ?

36. If positive, could the mentioned in such newspaper report cause any kind of damage to Mr. Bruni, being of financial or psychological nature ?

Terms under which,
Agreement is hereby requested.

Balneario Camboriu, January 7th, 2008

(signature)
Andréia Nóbrega
Brazilian Bar Association- SC Branch nr. 16.349



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 090<br>Translation nº | Livro/Book 2 | Fls/Page<br>054 |
|---|---|---|

In all four pages (2075 to 2078), there are the addresses of the lawyers offices, as follows :

Av. Rio Branco, 85 – 6th and 8th floors
20040-004 – Rio de Janeiro – RJ – Brasil
Phone : 55 21 3171 4300
Fax : 55 21 3171 4343
www.cmladv.com

Av. Nove de Julho, 5109 – 2nd
01407-200 – São Paulo – SP – Brasil
Phone : 55 11 2171 4350
Fax : 55 11 2171 4355

Rue de la Pompe, 164 – 2nd
75016 Paris – France
Phone : 331 56900062
Fax : 331 56900800

3.TABELIONATO DE NOTAS
Ursula Romanus Hardt
Joinville - SC
Reconheco por Semelhanca(s) a(s) Firma(s) de:
[7EiA15t4]-ROSEMARY IVONE CARVALHO TEIXEIRA.......
Em testemunho [signature] da Verdade
Joinville/SC., 11 de Abril de 2008
CARMEN LENISE SANT'ANNA
ESCREVENTE NOTARIAL
Func. JAQUELINE FERNANDES ALVES

3º TABELIONATO DE NOTAS – ESTADO DE SANTA CATARINA – JOINVILLE
SELO DE FISCALIZAÇÃO
BGL41237

In witness whereof, nothing else was written on the document above, which I return with this translation typed in one copy that I checked, found in accordance and sign.

Joinville, April 10th , 2008

3º TABELIONATO DE NOTAS

[signature]

Rosemary Ivone Carvalho Teixeira

TOTAL FEES (B): R$ 258,00 (two hundred fifty eight Brazilian reales)
6,00 pages x R$ 43,00 - Receipt no. 039 # 1

- 2032 -

PINHEIRO NETO
ADVOGADOS

Excelentíssimo Senhor Doutor Juiz de Direito da 3ª Vara Cível da Comarca de Balneário Camboriú, Estado de Santa Catarina

**Processo nº 005.03.000544-7**

**PAUL HEWSON ("Bono")** e **LARRY MULLEN Jr. ("Larry")**, já qualificados, por seus advogados, nos autos da **ação de indenização por danos materiais e emergentes, lucros cessantes e morais** movida contra si e Outros por **Franco Cecchini Bruni Neto**, sendo também Co-réus a **Infoglobo** e o **Sr. Mario Marques**, em curso perante esse MM. Juízo, vêm, respeitosamente à presença de Vossa Excelência, expor e requerer o quanto segue.

1. Em cumprimento à determinação contida no Termo de Audiência do dia 28.08.2007 (fls. 1.925 a 1.928), foi requerida pelos Co-Réus a produção de prova testemunhal e depoimento pessoa l do Autor.

2. Referido requerimento restou deferido no mesmo ato, tendo esse MM. Juízo assim se pronunciado às fls. 1.926:

*"No tocante à prova dos danos, o requerimento de prova testemunhal, bem como*

JUR_SP 6566138v1 18017.230718

RUA HUNGRIA, 1.100
01455-000, SÃO PAULO, SP
T.: + 55 (11) 3247-8400
F.: + 55 (11) 3247-8600
BRASIL

AV. NILO PEÇANHA, 11
20020-100, RIO DE JANEIRO, RJ
T.: + 55 (21) 2506-1600
F.: + 55 (21) 2506-1660
BRASIL

SCS, QUADRA 1, BLOCO I
70304-900, BRASÍLIA, DF
T.: + 55 (61) 3312-9400
F.: + 55 (61) 3312-9444
BRASIL

PNA@PINHEIRONETO.COM.BR
WWW.PINHEIRONETO.COM.BR

37

-2033-

PINHEIRO NETO
ADVOGADOS

*juntada de eventuais novos documentos, igualmente deferidos.*

(...)

*Tendo, pois que os pontos controvertidos da presente lide cingem-se, exclusivamente à autoria das pretensas ofensas irrogadas no periódico declinado na inicial; o grau das ofensas e a repercussão das mesmas no meio social e profissional do autor, entendo necessária a produção de prova oral requerida também por todos os réus, inclusive com depoimento pessoal do autor e eventual juntada de documentos, desde que conformes aos ditames da lei processual civil."*

3. Os Co-réus Bono e Larry vêm indicar sua única testemunha a ser ouvida, tem pleno conhecimento das questões controvertidas discutidas no presente caso e poderá comprovar a inexistência de dano ao Autor -- face à sua própria negligência na organização do show e face a todas as dificuldades por ele próprio causadas -- e a inexistência da propalada gravidade das pretensas ofensas irrogadas ao Autor :

**Sr. Craig Ian Evans**
**Cidadão canadense, com residência permanente nos Estados Unidos da América no seguinte endereço:**
**[redacted]**
**Beverly Hills, Califórnia**
**Zip Code 90210**
**Filiação: Sr. Charles Waldron Evans e Sra. Janet Downing Meneely Evans**

4. Considerando que a testemunha arrolada reside em território estrangeiro, faz-se necessária a expedição de carta rogatória, nos termos do art. 201 e seguintes do Código de Processo Civil.

5. Em atendimento às exigências previstas na Portaria nº 26, de 14 de agosto de 1990, editada pelo Ministério das Relações Exteriores ("**Portaria Interministerial**" -- doc. nº 01), os Co-réus pedem *venia* para depositar em cartório as peças necessárias para a formação da Carta Rogatória destinada à inquirição da testemunha (anexos, conforme lista -- doc. nº 02).



6. Requerem a juntada da Nota Fiscal referente aos custos da tradução juramentada dos documentos até o momento, no valor de R$ 12.700,00 (doze mil e setecentos reais) (doc. 03)

7. De acordo com o item 8 da Portaria Interministerial, quando tratar-se de Carta Rogatória coma finalidade de proceder à oitiva de testemunhas, é indispensável a formulação de quesitos pelo Juízo Rogante.

8. Para efeito de celeridade processual, permitem-se os Có-Réus ora requerentes sugerir como quesitos a serem perguntados à testemunha aqueles constantes da anexa lista (doc. 4).

9. Note-se, ainda, que, em atendimento à exigência dos itens 8 e 10(e) da Portaria Interministerial, faz-se necessária a juntada da tradução juramentada do rol de perguntas. Por essa razão, pedem *venia* os Co-Réus ora requerentes para complementarem a instrução da Carta Rogatória tão logo esse MM. Juízo pronuncie-se a respeito, providenciando a respectiva tradução juramentada para a língua inglesa.

10. Ainda em obediência ao disposto o item 6 da Portaria Interministerial, os Co-réus indicam abaixo o responsável pelo pagamento das custas e despesas processuais no Juízo Rogado, eventualmente decorrentes do cumprimento da Carta Rogatória ora em formação, bem como para recebimento das comunicações judiciais:

**Sr. David R. Toraya**
**Advogado integrante do escritório Grubman Indursky & Shire, P.C**
**Carnegie Hall Tower, 152 West 57th Street**
**Nova York, Nova York**
**Zip Code 10019**
**Telefone: 1.212.554.0400**
**Fax: 1.212.554.0444**

11. Para efeito de dar cumprimento à providência ora requerida, comprometem-se os patronos dos Co-Réus a retirarem a via original da Carta Rogatória a ser expedida por esse MM. Juízo e dar início aos procedimentos

diplomáticos perante o Ministério da Justiça, inclusive providenciando a emissão do cheque expedido pela Seção de Câmbio de estabelecimento bancário, em favor de "*Brazilian Embassy*", no valor de US$ 100.00 (cem dólares dos Estados Unidos da América) previsto pelo art. 10 (j) da Portaria Interministerial, mantendo esse MM. Juízo informado a respeito de seu andamento.

12. Para efeito de informação desse MM. Juízo, o acompanhamento do trâmite da Carta Rogatória poderá ser feito através do *site* http://www2.mre.gov.br/dj, no link Cartas Rogatórias Ativas.

Termos em que,
P. Deferimento.

De São Paulo para Balneário Camboriú, 29 de janeiro de 2008

**Gilberto Giusti**
**OAB/SP nº 83.943**

**Eliana Baraldi**
**OAB/SP nº 144.153**

**Fernando Rodrigo Farias Silva**
**OAB/SP nº 257.373**

**Ramon Fernandez Aracil Filho**
**OAB/SC nº 18.809-B**

DOC. Nº 1

-2036-

MINISTÉRIO DAS RELAÇÕES EXTERIORES
SECRETARIA-GERAL EXECUTIVA
DEPARTAMENTO CONSULAR E JURÍDICO

**PORTARIA Nº 26, DE 14 DE AGOSTO DE 1990**

O Chefe do Departamento Consular e Jurídico do Ministério das Relações Exteriores e o Secretário Nacional dos Direitos da Cidadania e Justiça do Ministério da Justiça, no uso de suas atribuições legais:

Considerando o disposto no artigo 102, item I, alínea h, da Constituição, combinado com os artigos 210 a 212 do Código de Processo Civil; 783 a 786 do Código do Processo Penal; 225 a 229 do Regimento Interno do Supremo Tribunal Federal, bem assim com as Convenções, Tratados e Acordos Internacionais firmados pela República Federativa do Brasil com Países estrangeiros, sobre comunicação de Cartas Rogatórias;

Considerando os inúmeros procedimentos indispensáveis à instrução dos feitos, referentes a Cartas Rogatórias encaminhadas ao Ministério da Justiça, com vistas à remessa ao Ministério das Relações Exteriores, para, via diplomática, serem transmitidas aos Juízes Rogados;

Considerando a necessidade de se abreviar a formalização das Cartas Rogatórias para sua transmissão ao Ministério das Relações Exteriores, a fim de serem cumpridas nos Países destinatários;

Considerando a urgência de evitar-se que o Ministério das Relações Exteriores restitua as Cartas Rogatórias ao Ministério da Justiça, por falta de elementos essenciais e, conseqüentemente, que as mesmas sejam devolvidas aos Juízes Rogantes, solicitando os dados básicos à efetivação das medidas judiciais no Juízo Rogado: resolvem:

determinar a divulgação da seguinte lista de condições que possibilitarão, sem maiores delongas, a transmissão, via diplomática, das Cartas Rogatórias aos Países destinatários:

1 - original e uma cópia, em português, da Carta Rogatória e dos documentos julgados indispensáveis pelo Juízo Rogante;

2 - original e uma cópia da tradução, efetuada por tradutor juramentado, da Carta Rogatória e dos documentos julgados indispensáveis pelo Juízo Rogante, para o vernáculo do País Rogado;

3 - original e uma cópia da denúncia em português;

4 - original e uma cópia da tradução, por tradutor juramentado, da denúncia, para o vernáculo do País destinatário;

5 - nome e endereço completos da pessoa a ser citada, notificada, intimada ou inquirida no Juízo Rogado;

6 - nome e endereço completos da pessoa responsável, no destino, pelo pagamento das despesas processuais, decorrentes do cumprimento da Carta Rogatória no País destinatário;

7 - designação de audiência com antecedência mínima de 240 (duzentos e quarenta) dias, a contar de expedição da Carta Rogatória, pelo Juízo Rogante;

8 - nas Cartas Rogatórias para inquirição é indispensável que as perguntas sejam formuladas pelo Juízo Rogante - original em português, com uma cópia, e tradução para o vernáculo do País Rogado, com uma cópia;

9 - indicação na Carta Rogatória de que o interessado é beneficiário da Justiça Gratuita, quando for o caso;

10 - nas Cartas Rogatórias para cumprimento nos Estados Unidos da América devem ser observadas as seguintes condições e demais indicações emanadas do Departamento de Estado Norte-Americano:

a) devem ser fornecidos nome e endereço completos do destinatário da comunicação judicial;

b) não existe gratuidade;

c) a assistência de profissional apressa a execução das Cartas Rogatórias, embora não constitua pré-requisito;

d) não é exigida a autenticação consular no País Rogante;

e) nos casos de tomada de depoimento, é indispensável a formulação de quesitos pelo Juízo Rogante;

f) somente serão aceitas para cumprimento as Cartas Rogatórias expedidas por Órgão do Poder Judiciário;

g) não aceita Cartas Rogatórias referentes a medidas executórias: penhora; sequestro; busca e apreensão; averbação; prisão - que deve ser feita pelo procedimento próprio - pedido de extradição;

h) a homologação de sentença estrangeira depende da legislação do Estado;

i) nas citatórias: cheque de US$ 15.00 (quinze) dólares para cada uma das pessoas a ser citada, em favor de "Treasurer of the United States", expedido pela Seção de Câmbio de estabelecimento bancário, nacional ou estrangeiro sediado no Brasil, cujo prazo de validade é de dois meses - caso ultrapasse tal tempo deverá ser renovado;

j) nas interrogatórias: cheque de US$ 100,00 (cem) dólares, em favor de "Brazilian Embassy", expedido pela Seção de Câmbio de estabelecimento bancário, nacional ou estrangeiro sediado no Brasil, cujo prazo de validade é de dois meses - caso ultrapasse tal período deverá ser renovado: como caução das custas - adianta-se que a diferença entre os US$ 100.00 e as custas reais serão devolvidas ou cobradas a posteriori, conforme o caso;

k) as custas, nas Cartas Rogatórias expedidas em processos movidos pelo Ministério Público, serão pagas pela Embaixada do Brasil em Washington (Verba de Manuntenção de Chancelaria);

l) nas Cartas Rogatórias Citatórias com data certa, a apresentação ao Departamento de Estado Norte-Americano só é aceita com pelo menos 45 (quarenta e cinco) dias de antecedência à data de audiência. Para maior segurança é reconmendável que a audiência seja designada com antecedência de 240 (duzentos e quarenta) dias;

m) nas interrogatórias, os quesitos deverão ser formulados pelo Juízo Rogante brasileiro e constar do traslado em português e da tradução para o inglês;

n) em caso de citação, o Departamento de Estado Norte-Americano condiciona a transmissão das Cartas Rogatórias à concessão, à pessoa a ser citada, pelo Juízo Rogante, do prazo de 45 (quarenta e cinco) dias para contestação, a contar do recebimento de comunicação judicial. Essa exigência não conflita, na prática, com os prazos estabelecidos pela lei brasileira, já que estes últimos só começam a ser contados a partir da data em que se juntar a Carta Rogatória cumprida aos autos de origem;

o) indispensável 2 (dois) traslados originais da Carta Rogatória, incluindo a petição inicial e demais documentos julgados necessários pelo Juízo Rogante, em português;

p) indispensável 2 (dois) traslados originais da tradução, por tradutor juramento, de todos os documentos integrantes da Carta Rogatória;

q) necessárias 2 (duas) cópias dos traslados em portugues r) necessárias 2 (duas) cópias dos traslados da tradução para o inglês.

11 - os pedidos de busca e apreensão de veículos no Paraguai obedecem ao Decreto nº 97 560, de 08 de março de 1989, in Diário Oficial da União de 09 de seguinte, Seção I, que promulgou o Acordo firmado pelo Brasil e pelo Paraguai sobre veículos roubados ou furtados, aprovado pelo Decreto Legislativo nº 73, de 02 de dezembro de 1988, pelo qual, após os trâmites legais, o Consulado-Geral do Brasil em Assunção é instruído a gestionar, junto com a à Alfândega paraguaia, a apreensão e a restituição do veículo descrito;

12 - a prestação de Alimentos no Estrangeiro é regida pela Convenção, aprovada pelo Decreto Legislativo nº 10, de 1958, e promulgada pelo Decreto nº 56 826, de 02 de setembro de 1965, in Diário Oficial da União de 08 seguinte, sendo a Procuradoria-Geral da República a Autoridade Remetente e Instituição Intermediária;

13 - todo pedido de auxílio judiciário em matéria penal endereçado à Suiça, consoante indicações do Departamento Federal da Justiça e Polícia da Confederação Suiça, deve respeitar as condições e conter as indicações seguintes:

13.1 - Base legal:

a) Convenção européia de auxílio judiciário em matéria penal de 20 abril de 1959 / outro Acordo contendo as disposições sobre auxílio judiciário; ou

b) Tratado bilateral; ou

c) Declaração / acordo de reciprocidade.

13.2 - Autoridade requerente:

-2038-
A

a) designar a autoridade encarregada do inquérito ou da investigação penal; e

b) indicar o órgão / a autoridade penal competente de onde se originou o pedido.

13.3 - Objeto do requerimento:

a) inquérito ou procedimento penal iniciado perante uma autoridade judiciária; ou

b) inquérito preliminar de uma autoridade encarregada da instrução das infrações dentro da medida ou se é possível fazer apelação ao juiz penal no curso do procedimento estrangeiro.

13.4 - Pessoas demandadas / culpadas:

a) indicar, também, precisamente, de forma que possibilite a identificação da pessoa demandada / culpada (nome; prenome, nacionalidade, data e lugar de nascimento, profissão, endereço, etc.).

13.5 - Exposição dos fatos e qualificação jurídica:

a) descrever os fatos essenciais, indicando o lugar, a data e a maneira pela qual a infração foi cometida. Quando o estado dos fatos for complexo ou se aconteceu em co-autoria, um resumo dos fatos principais; e

b) indicar a qualificação jurídica dos fatos (assassinato, roubo, estelionato, etc.).

13.6 - Motivo do requerimento:

a)demostrar a relação do processo estrangeiro com as medidas solicitadas;

b)indicar de forma precisa,as provas requeridas e as diligências solicitadas(bloqueio da conta x junto ao banco y);penhora / remessa dos documentos xy; oitiva da testemunhas,etc.);

c)no caso de inquirir pessoas,elaborar um questionário;

d)em caso de investigação,de busca,de penhora e de remessa,juntar um atestado da legalidade das medidas do Estado requerente(não se aplica aos Estados com os quais não existe acordo de auxílio judiciário em matéria penal)

13.7 - Aplicação do direito processual estrangeiro para a execução(exceção):

a)mencionar a razão de se aplicar o dispositivo legal estrangeiro para a execução;e

b)reproduzir o dispositivo legal em questão.

13.8 - Presença de pessoas participantes ao procedimento desde a execução (exceção):

a)justificar a presença da pessoa desde a execução; e

b)descrever de maneira precisa a identidade e a função da pessoa.

13.9 - Forma de requerimento:

a)escrito:

b)a legalização dos documentos oficiais não é necessária.

13.10 - Língua / tradução:

a)redigir o requerimento na língua alemã,francesa ou italiana; ou

b)juntar uma tradução em uma destas três línguas oficiais.

13.11 - Formas de remessa:

a)por via diplomática ao " Office Fédéral de la Police du Dèpartement de Justice e Police à Berne ",a não ser que uma outra forma de remessa seja conveniente(por intermédio do Ministro da Justiça ou por correspondência direta com a autoridade requerida);

b)em caso de urgência por intermèdio da INTERPOL; o requerimento deve, então,ser confirmado,encaminhando o original pela via ordinària ao " Office Fèdèral de La Police ".

FERNANDO FONTOURA CARLOS EDUARDO

(in DOU de 16.08.1990, Seção I, páginas 15523/15524).

**DOC. Nº 2**

**DOCUMENTOS NECESSÁRIOS PARA INSTRUÇÃO DE CARTA ROGATÓRIA PARA CUMPRIMENTO NOS ESTADOS UNIDOS DA AMÉRICA -- A SEREM DEPOSITADOS EM CARTÓRIO**

1. 3 (três) cópias das procurações outorgadas pelos Co-Réus Paul David Hewson e Larry Mullen Junior (fls. 789/796);

2. 3 (três) cópias da petição inicial da presente demanda (fls. 02/41);
1 (uma) via original da tradução juramentada da petição inicial;
2 (duas) cópias da tradução juramentada da petição inicial;

3. 3 (três) cópias da matéria jornalística, escrita pelo Co-Réu Mário Marques e publicada pelo Co-Réu Infoglobo em 23.11.2000 (fls. 64/65);
1 (uma) via original da tradução juramentada da matéria jornalística;
2 (duas) cópias da tradução juramentada da matéria jornalística;

4. 3 (três) cópias do despacho que determinou a citação dos Réus (fls. 704);
1 (uma) via original da tradução juramentada do despacho;
2 (duas) cópias da tradução juramentada do despacho;

5. 3 (três) cópias da contestação apresentada pelos Co-réus Paul David Hewson e Larry Mullen Junior (fls. 957/1013);
1 (uma) via original da tradução juramentada da contestação;
2 (duas) cópias da tradução juramentada da contestação;

6. 3 (três) cópias do Termo de Audiência do dia 28.08.2007 (fls. 1925/1.928), em que se deferiu a prova testemunhal;
1 (uma) via original da tradução juramentada do Termo de Audiência;
2 (duas) cópias da tradução juramentada do Termo de Audiência.

**DOC. Nº 3**

Fidelity Traduções Ltda

Tel.:(11) 4191-6868 - Fax: 4191-2888

Inscrição no CNPJ: 04.581 ... 000
Inscrição Municipal: 4.42904-5

NOTA FISCAL DE SERVIÇOS
SÉRIE "A"
Nº 000845
1ª VIA

Nat. da Operação: Prestacao de Servicos Traducao

Prest. de Serviços de:

Data da Emissão: 24/01/08

1ª Via Dest. / Remetente
2ª Via fisco Destino
3ª Via Fisco Origem
4ª Via Contabilidade

USUÁRIO FINAL OU DESTINATÁRIO

Nome: PINHEIRO NETO ADVOGADOS
Endereço: RUA HUNGRIA 1.100 — JD EUROPA — Cep: 01014-907
Município: SAO PAULO — Estado: SP
CNPJ / CPF Nº: 60.613.478/0001-19
Inscr. Est.: ISENTA
C.C.M. Nº:

| CÓD. PROD. | DISCRIMINAÇÃO DOS SERVIÇOS | QUANT. | PREÇO UNITÁRIO | VALOR TOTAL |
|---|---|---|---|---|
| PIJ | VERSAO PORTUGUES PARA INGLES JURAMENTADA<br>CI-37330 / PROCESSO U2 | 295,35 LD | 43,00 | 12.700,05 |

I.R.R.F.: 190,50 PIS : 82,55
COFINS : 381,00 CSLL : 127,00
Retencao Conforme Art 647 do RIR/99 e Lei 10.925 de 26/07/04

| OBS. | CFOP | RESERVADO AO FISCO | COND. DE PAGAMENTO | VALOR TOTAL DA NOTA |
|---|---|---|---|---|
| PEDIDO 063043 (62964 E 62965) SP | 5949 | | 46 DDL | 12.700,05 |

IP FO...ARIOS CONTINUOS LTDA - Rua Caetano Pinto, 224 - Bras - São Paulo - SP - CNPJ: 01.335.544/0001-77 - Inscr. Est.: 114.714.215.110 C.C.M. 2.490.212-8 - 1.400 Jogos 4 Vias - 001 a 1.400 - AIDF: 01050 - 05/04 - Novos Pedidos 9875-1923

Nº 000845

Recebi(emos) de Fidelity Traduções Ltda
os serviços constantes da NOTA FISCAL DE SERVIÇOS - Série "A"

Local e Data — Assinatura / Carimbo da Empresa



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095 Translation nº | Livro/Book 2 | Fls/Page 070 |
|---|---|---|

I, Rosemary Ivone Carvalho Teixeira, Public and Sworn Translator, certify and acknowledge the receipt of one original document in Portuguese, which I identify as **INDICATION OF WITNESS**, from which I translate into English:

***Pages 2032 to 2040***

**PAGES 2032 TO 2035**
PINHEIRO NETO ADVOGADOS

TO THE HONORABLE JUDGE OF THE 3RD CIVIL COURT OF JUDICIAL DISTRICT OF BALNEARIO CAMBORIU
**Docket nr. 005.003.000544-7**

**PAUL HEWSON ("Bono")** and **LARRY MULLEN Jr. ("Larry")**, already qualified, as per your attorneys, in the court records of the **suit for damages for pecuniary and consequential damages, loss of profits and pain and suffering** sued against them et al by **Franco Cecchini Bruni Neto**, being as well Co-defendants **Infoglobo** and **Mr. Mario Marques**, in progress before this Honorable Court, come to the presence of Your Honor with all due respect to bring forward, to expose and to apply as per the following terms.

1. Regarding the decision comprised by the Transcript of Hearing held on August 28th, 2007 (pages 1.925 to 1.928), it was requested by the Co-defendants the testimonial evidence production and personal deposition of the Plaintiff.
2. The mentioned request was hereby deferred in the same act, thus having this Honorable Court so pronounced on page 1.926 :
   " *As far as the evidence of damages, the request for testimonial evidence, as well as filing of eventual new documents, identically granted to.*
   *(...)*
   *Thus having, since that the contested subjects herein limit themselves , exclusively to the authorship of the supposed offenses imposed upon on the newspaper mentioned on the initial complaint; the extent of the offenses and their repercussion in the plaintiff social and professional life, thus considering to be necessary the oral evidence production also required for all the defendants, including the personal deposition of the plaintiff and eventual documents file, once it is according to the civil procedural law dictates ."*
3. The Co-defendants Bono and Larry hereby come to indicate their only witness to be heard, with full knowledge of the controversial questions discussed in the case and shall prove the inexistence of damages to the plaintiff - face to his own negligence on the concert organization and face to the difficulties caused



**Rosemary Ivone Carvalho Teixeira**

***Tradutor Público Juramentado e Intérprete Comercial***
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095<br>Translation nº | Livro/Book 2 | Fls/Page<br>071 |
|---|---|---|

by himself – and the inexistence of the divulged severity of the presumed offenses imposed upon the Plaintiff :

Mr. Craig Ian Evans
Canadian citizen, with permanent domicile in the United States of America, in the following address :
[redacted]
Beverly Hills, California
Zip Code 90210
Son of Mr. Charles Waldron Evans and Mrs. Janet Downing Meneely Evans

4. Thus considering that the enrolled witness lives in foreign territory, it causes to be necessary the issuance of a letter rogatory, according to the article 201 and following one of the Civil Procedure Code.
5. In compliance with the demands foreseen on the Administrative Rule nr. 26, dated August 14th, 1990, issued by the Secretary of Foreign Affairs ("Interministerial Administrative Rule" – doc. Nr. 01), the Co-defendants ask authorization for depositing in records before the Court Records´s office the necessary documents for the arrangement of the Letter Rogatory destined to the witness inquiry (attachments, as per list – doc. Nr. 02).
6. To require the file of the formal bill of sale regarding the costs of the official translation of the documents , made until the moment, in the value of R$ 12.700,00 (twelve thousand seven hundred Brazilian reales) (doc. 03).
7. According to the item 8 of the Interministerial Administrative Rule, when the matter is about Letter Rogatory with the purpose of proceeding oral testimony, it is essential the formulation of questions by the Requesting Court.
8. For the procedural agility effects, it is allowed to the Co-defendants , now requiring, to suggest as questions to be asked to the witness those ones consisting on the attached list (doc. 4).
9. Further it is noticed that, in compliance with the demands of items 8 and 10(e) of the Interministerial Administrative Rule, it causes necessary the file of the official translation of the list of questions. For this reason, the Co-defendants now requiring ask authorization for completing the instructions of the Letter Rogatory as soon as this Honorable Court adjudges on this respect, thus making the arrangements for the respective official translation to the English language.
10. Also in submission to the disposed on item 6 of the Interministerial Administrative Rule, the Co-defendants indicate below the responsible for the payment of the court fees and judicial costs on the Receiving Court, eventually arising from the fulfillment of the Letter Rogatory now in arrangement, as well as for receiving service of process :



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095<br>Translation nº | Livro/Book 2 | Fls/Page<br>072 |
|---|---|---|

Mr. David R. Toraya
Counsel- member of the Law Firm Grubman Indursky & Shite, P.C
Carnegie Hall Tower, 152 West 57th Street
New York, New York
Zip Code 10019
Telephone : 1.212.554.0400
Fax: 1.212.554.0444

11. In order to accomplish with the arrangements now required, the Co-defendants barristers do accept the responsibility to get the original copy of the Letter Rogatory to be issued by this Honorable Court and commence the diplomatic arrangements before the Department of Justice, inclusively by arranging the issuance of the check issued by the bank exchange department, in favor of "Brazilian Embassy", value of US$ 100,00 (one hundred dollars from the United States of America) according to the article 10 (j) of the Interministerial Administrative Rule, thus keeping this Honorable Court duly informed about its developments.
12. For information of this Honorable Court, the follow-up of the procedural steps of the Letter Rogatory can be done by accessing the web site http://www2.mre.gov.br/dj, link "Cartas Rogatórias Ativas" (or "Active Letters Rogatory").

Deferred to your consideration under the terms above,
From São Paulo to Balneario Camboriu, January 29th, 2008

(illegible sig)
Gilberto Giusti
Brazilian Bar Association /SP branch (OAB)83.943

(illegible sig)
Eliana Baraldi
Brazilian Bar Association /SP branch (OAB)144.153

(illegible sig)
Fernando Rodrigo Farias Silva
Brazilian Bar Association /SP branch (OAB)257.373

(illegible sig)
Ramon Fernandez Aracil Filho
Brazilian Bar Association /SC branch (OAB)18.809-B



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095<br>Translation nº | Livro/Book 2 | Fls/Page<br>073 |
|---|---|---|

***page 2036***
Doc nr. 01

Secretary of Foreign Affairs
General Executive Secretary
Consular and Judicial Department

**Administrative Rule nr. 26 dated August 14th, 1990**

The Chief of the Consular and Judicial Department of the Secretary of Foreign Affairs and the National Secretary of the Justice and Citizens Rights of the Department of Justice, in the use of his legal prerogatives :

Thus considering the disposition of Article 102, item I, paragraph h, of the Constitution, in combination with the articles 210 to 212 of the Civil Procedural Code; 783 to 786 of the Criminal Code; 225 to 229 of the Internal Regulation of the Supreme Court, as well as with the International Conventions, Treats and Agreements signed by the Federative Republic of Brazil with foreign countries, about the communications of Letters Rogatory;

Thus considering the several essential procedures to the proceedings instruction, regarding to Letters Rogatory sent to the Department of Justice , with the purpose of the remittance to the Secretary of Foreign Affairs in order to, through diplomatic channels, be transmitted to the Receiving Judges;

Thus considering the need to shorten the execution of the Letters Rogatory for its transmittal to the Secretary of Foreign Affairs , in order to be accomplished in the countries of destination;

Thus considering the urgency to avoid that the Secretary of Foreign Affairs restitutes the Letters Rogatory to the Department of Justice, by lack of essential elements and, consequently, that they are sent back to the Requesting Court, by requesting the basic data to render effective the judicial measurements on the Receiving Court, hereby resolve :

To determine the disclosure of the following list of conditions which will make possible, without any delay, the transmittal, through diplomatic channels, the Letters Rogatory to the countries of destination :

1 – original and one copy, in Portuguese, of the Letters Rogatory and of the documents considered as essential by the Requesting Court;



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095<br>Translation nº | Livro/Book 2 | Fls/Page<br>074 |
|---|---|---|

2 – original and one copy of the translation, made by sworn translator, of the Letters Rogatory and of documents considered as essential by the Requesting Court, to the language of the receiving country;
3 – Original and one copy of the complaint in Portuguese;
4 – original and one copy of the translation, by sworn translator, of the complaint, to the language of the receiving country;
5 – name and complete address of the person to receive summon, to be notified or inquired by the Receiving Court;
6 – name and complete address of the responsible person , at destination, by the payment of court fees, arising from the execution of the Letters Rogatory in the country of destination;
7 – assignment of hearing with minimum precedence notice of 240 (two hundred forty) days, as from the Letters Rogatory dispatch.
8 – on Letters Rogatory for inquiry, its is essential that the questions are formulated by the Requesting Court – original in Portuguese, with one copy, and translation into the official language of the Requested Country, with one copy;

9 – Indication on the Letter Rogatory that the interested part has the benefit of the of legal aid, it this is the case;

10 –Letters Rogatory for execution in the United States of America should observe the following conditions and further indications stated by the North-American Department of State :
a) complete name and address of the person receiving the judicial notice;
b) there is no free legal aid
c) local counsel can save time on the Letters Rogatory execution, however it is not compulsory;
d) there is no need of authentication from consulate in the Requesting Country;
e) in the cases of testimony, it is essential the list of questions to be asked by the Requested Court;
f) not acceptance for Letters Rogatory referring to executory writs : seizure, confiscation, search and seizure, registration, arrest – which should be done through the proper proceeding – request for extradition;
h) the approval of the foreign adjudication depends on the rules of the State;
i) on citatory letters rogatory : check in the value US$ 15,00 (fifteen) dollars, for each person to receive the summon, in favor of " Treasurer of the United States", issued by the Exchange Department of the bank, national or international one, with main office in Brazil, which maturity is two months – in the case it expires, it can be renewed;
j) on letters rogatory with hearing : check in the value of US$ 100,00 (one hundred) dollars, in favor "Brazilian Embassy" , issued by the Exchange Department of a national or international bank, with office in Brazil, which maturity is two months- in



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095 Translation nº | Livro/Book 2 | Fls/Page 075 |
|---|---|---|

the case it expires, it can be renewed : as guarantee for expenses (the difference between US$ 100,00 and the actual expenses will be reimbursed later on, according to the case;
k) the expenses, on the Letters Rogatory issued in suits brought by the Public Prosecution Service shall be paid by the Brazilian Embassy in Washington ( Allowance for Chancellery Maintenance);
l) on Citatory Letters Rogatory with exact date, the presentation to the North American Department of State is only accepted with, at least, 45 (forty five) days of anticipation to the hearing date. For security sake, it is recommendable that the hearing is settled with anticipation of 240 (two hundred forty) days;
m) on inquiring letters rogatory, the questions shall be formulated by the Brazilian Requesting Court and have the transcript in Portuguese and the translation into English;
n) in the case of summons, the North American Department of State subject the transmittal of Letters Rogatory to the permission, to the person to receive the service of process, by the Requesting Court, of the delay of 45 (forty five) days for plea, counting as from the receipt of the judicial notice. This demand does not disagree with the delays established by the Brazilian law, since the last ones only start to be counted as from the date of filling of executed Letters Rogatory to the origin court records;
o) it is essential 2 (two) original transcripts of the Letters Rogatory, thus including the complaint brief and further documents found necessary by the Requesting Court, in Portuguese;
p) it is essential 2 (two) original translation transcripts, by sworn translator, of all documents which are part of the Letter Rogatory;
q) necessary 2 (two) copies of transcripts in Portuguese
r) necessary 2 (two) copies of the transcripts of the translation into English;

11 – the requests of search and seizure of vehicles in Paraguay obey to the decree nr. 97 560 dated March 8th, 1989, in Official Brazilian Gazette of 09 and following, Section I, which announced the Agreement between Brazil and Paraguay about stolen and robbed vehicles , approved by the Legislative Decree nr. 73, dated December 2nd, 1988, that, after the legal proceedings, the General Consulate of Brazil in Asunción is instructed to arrange, before the Paraguayan customs, the seizure and the restoration of the described vehicle;
12 – the allowance for maintenance abroad is ruled by the Convention, approved by the Legislative Decree nr 10, from 1958, and published by Decree nr. 56 826 dated September 2nd, 1965, in the Brazilian Official Gazette of 08 and following, thus being the Federal Attorney´s Office the Sending Authority and the Intermediary Institution.
13- All petitions of judicial aid in criminal matter sent to Switzerland, according to indication of Federal Department of Justice and Swiss Confederate Police shall respect the conditions and shall contain the following indications :





**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095<br>Translation nº | Livro/Book 2 | Fls/Page<br>076 |
|---|---|---|

13.1 – Legal basis :
a) European Convention on Mutual Assistance in Criminal Matters dated April 20th, 1959, containing the dispositions on judicial assistance; or
b) bilateral treat; or
c) statement / reciprocity agreement

13.2 – Requesting Authority:
a) to appoint the appropriate judicial authority of the inquiry or criminal investigation; and
b) to indicate the court/authority of the origin request.

13.3 – Nature of the claim :
a) inquiry or criminal proceeding started in a judicial authority; or
b) preliminary inquiry of an authority in charge of the instruction of the violation on the judicial order or if it is possible to appeal to the criminal judge during the progress of the foreign procedure.

13.4 – Defendant / guilty persons :
a) to precisely indicate the identification of the defendant/guilty person (name, Christian name, nationality, place and date of birth, occupation, address, etc).

13.5 – Synopsis and type of case :
a) to describe the essential facts, by indicating the place, date and manner how the infraction was committed. When the facts situation were too complex or if it happened in joint authorship, a brief synopsis of the main facts.
b) To indicate the judicial qualification of the facts (murder, robbery, swindle, etc);

13.6 – Request purpose :
a) to manifest the relation of the foreign proceeding with the requested actions;
b) to precisely indicate the required evidences and the requested diligences (blockage of bank account x at the bank y); seizure / documents remittance xy; oral testimony, etc);
c) in the case of inquiring persons, to formulate a list of questions;
d) in the case of investigation, search, seizure and remittance, to file a certificate of writ legality of the Requesting state (it does not apply to the states where does not exist convention on mutual assistance in criminal matters)

13.7 – Request purpose :

a) to mention the purpose of use the foreign legal rule for the execution; and
b) to reproduce the legal rule in question.





**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095 Translation nº | Livro/Book 2 | Fls/Page 077 |
|---|---|---|

13.8 – Presence of participant persons to the proceeding since the execution (exception) :

a) to justify the presence of the person since the execution; and
b) to precisely describe the identity and occupation of such person.

13.9 – type of request :

a) written
b) the authentication for official documents is not necessary.

13.10 – Language / Translation :

a) to write the request in German, French or Italian languages: or
b) to file a translation into some of these three official languages.

13.11 – Types of transmittal :

a) through diplomatic channel to the "Office Fédéral de la Police du Dèpartment de Justice e Police à Berne", unless any other way of transmittal be convenient (through Department of Justice or by direct correspondence to the requested authority);
b) in urgent cases, through INTERPOL; the request must, then, be confirmed, by sending the original copy through the common way to "Office Fèdèral de la Police".

FERNANDO FONTOURA CARLOS EDUARDO
(published on the Brazilian Official Gazette on August 16th, 1990, section I, pages 15523/15524).

---

***Page 2039***

Doc. Nr. 2

Documents necessary for the Execution of Letters Rogatory in the United Stated of America, to be filed before the Courts Records´ Office :

1. 3 (three) copies of power of attorney issued by the Co-defendants Paul David Hewson and Larry Mullen Junior (pages 789/796);
2. 3 (three) copies of the initial request of the herein demand;
   1 (one) original of the official translation of the initial request;
   2 (two) copies of the official translation of the initial request;



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095<br>Translation nº | Livro/Book 2 | Fls/Page<br>078 |
|---|---|---|

3. 3 (three) copies of the newspaper news, written by the Co-defendant Mario Marques and published by the Co-defendant Infoglobo on November 23th, 2000 (pages 64-65);
   1 (one) original official translation of the newspaper news;
   2 (two) copies of official translation of the newspaper news;
4. 3 (three) copies of instruction which ordered the Defendants summons;
   1 (one) original of the official translation of the instruction;
   2 (two) copies of the official translation of the instruction;
5. 3 (three) copies of the plea presented by the Co-defendants Paul David Hewson and Larry Mullen Junior (pages 957-1013);
   1 (one) original of the official translation of the plea;
   2 (two) copies of the official translation of the plea;
6. 3 (three) copies of the Transcript of Hearing held on August 28th, 2007 (pages 1925,1928) where it was granted the testimonial evidence
   1(one) original of the official translation of the Transcript of Hearing;
   2 (two) copies of the official translation of the Transcript of Hearing.

JUR_SP 6566138V1 18017.230718

---

***Page 2040***

Doc. Nr. 3

Bill of Service – Fidelity Traduções Ltda
Tel: (11) 4191.6868 – Fax : 4191.2888
Address not legible

Bill of service – A serie – nr. 000845
1st original copy
1st copy – remitter
2nd copy – Treasury destination
3rd copy – Treasury origin
4th copy – accountancy





**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095<br>Translation nº | Livro/Book 2 | Fls/Page<br>079 |
|---|---|---|

Nature of transaction : services rendering

Services rendered : translation

Date of issue : 01/24/08

Final User or Consignee

Name : Pinheiro Neto Advogados

Address : Rua Hungria, 1100 – Jardim Europa – Zip Code 01014-907 - City : São Paulo – State : São Paulo

Corporate Tax Payers Registration nr (CNPJ) : 60.613.478/0001-19

State Registration : exempt

Municipal Registration : none

Code of product : PIJ

Services description : Official/Sworn Version Portuguese to English – CI-37330/Case U2

Quantity : 295,35 pages

Unit price : 43,00

Total value : 12.700,05

Income tax : 190,50
PIS tax : 82,55
COFINS tax : 381,00
CSLL tax : 127,00
Withholding according to Article 647 of Income Tax Rule RIR/99 and Law 10.925 dated 07/26/04



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 095<br>Translation nº | Livro/Book 2 | Fls/Page<br>080 |
|---|---|---|

Obs : Order 063043 (62964 and 62965) SP
Tax code Transactions – CFOP : 5949
Reserved to the Treasury : none
Payment conditions : 46 days
Total value of the bill : 12.700,05

JP Formulários Contínuos Ltda – Rua Caetano Pinto, 224 –Bras – São Paulo – SP CNPJ 01.335.544.0001-77 State Registration : 114.714.215.110 Municipal Registration : 2.490.212-8 – 1.400 sets 4 copies 001 to 1400 – AIDF: 01050 05/04 New orders : 9875.1923

Nr. 000845
We receive from Fidelity Traduções Ltda the services mentioned on the Bill of Service – A Serie
Place and date : none
Signature/company stamp : none

In witness whereof, nothing else was written on the document above, which I return with this translation typed in one copy that I checked, found in accordance and sign.

Joinville, April 10th , 2008

3º TABELIONATO DE NOTAS

Rosemary Ivone Carvalho Teixeira

TOTAL FEES (B): R$ 675,96 (sixty hundred seventy five Brazilian reales 96/100)
15,72 pages x R$ 43,00 - Receipt no. 039 #



**ESTADO DE SANTA CATARINA**
**PODER JUDICIÁRIO**
**Comarca de Balneário Camboriú**
**3ª Vara Cível**

**Autos n° 005.03.000544-7**

**Ação: Indenizatória/Ordinário**
**Requerente:** Franco Cecchini Bruni Neto
**Requerido:** Paul David Hewson e outros

R. h.

Quanto ao pedido de fls. 2092/2103, no sentido de que seja indeferida a oitiva da testemunha arrolada pelos réus Paul Hewson e Larry Joseph Mullen, tenho que não merece acolhimento.

É certo que alguns dos quesitos apresentados nada trarão de novidade ao feito e, outros, esclarecem a relação entre Craig Evans e a parte que os arrolou.

Todavia, no mais, os quesitos pertinentes à realização do show e eventuais problemas advindos nessa empreitada, interessam sim, ao juízo, posto que - como já estabelecido por ocasião do saneamento do feito – o pedido de indenização em exame cinge-se às normas de responsabilidade civil comum e, dentre um dos requsitos para sua configuração, está o elemento subjetivo, qual seja, a culpa na causação do dano.

Portanto, defiro a oitiva da testemunha arrolada, deferindo os quesitos formulados às fls. 2041/2044 e 2075/2078.

De outro lado, quanto a ouvir-se aludida testemunha apenas na qualidade de informante, tal será aferido pelo juiz rogado, notadamente após estabelecer a relação existente entre aquela e os réus requerentes da prova.

Isso posto, determino - agora sim - o cumprimento do despacho de fls. 2047, item I, adotando como quesitos aqueles discriminados às fls. 2041/2044 e 2075/2078.

Cumpra-se.

Intimem-se.

Balneário Camboriú (SC), 14 de março de 2008.

**Dayse Herget de Oliveira Marinho**



**Rosemary Ivone Carvalho Teixeira**

**Tradutor Público Juramentado e Intérprete Comercial**
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 093<br>Translation nº | Livro/Book 2 | Fls/Page<br>067 |
|---|---|---|

I, Rosemary Ivone Carvalho Teixeira, Public and Sworn Translator, certify and acknowledge the receipt of one original document in Portuguese, which I identify as **GRANTING OF LETTER ROGATORY**, from which I translate into English:

***Page 2104***

Coat of arms
State of Santa Catarina
Judiciary Branch
Judiciary District of Balneario Camboriu
3rd Civil Court
Docket : 005.03.000544-7
Suit for damages
Plaintiff : Franco Cecchini Bruni Neto
Defendant : Paul David Hewson et al

R.h.

Regarding the demand of pages 2092/2103, in the sense of being rejected the oral testimony of the enrolled witness by the defendants Paul Hewson and Larry Joseph Mullen, I have that it does not deserve reception.
It is correct that some of the presented questions shall not bring anything new to the proceedings and, others, thus clarify the relationship between Craig Evans and the part that enrolled him.
However, as for the rest, the questions related to the happening of the concert and eventual problems occurred in this task, do interest to the Court, since that – as already established on the recognition of the formal prerequisites of the process – the suit for damages in examination restricts itself to the ordinary civil liability rules and, among one of the requisites for its configuration, there is the subjective principle, whatever it could be, the fault causing the damage.
Therefore, I grant the oral testimony of the enrolled witness, agreeing with the questions formulated on pages 2041/2044 and 2075/2078.

On the other hand, as far as to hear the referred witness only as informant qualification, such procedure will be estimated by the receiving judge, notedly after establishing the relationship between the witness and the evidence requiring defendants.



**Rosemary Ivone Carvalho Teixeira**

***Tradutor Público Juramentado e Intérprete Comercial***
**Sworn Translator / English**

Matrícula JUCESC nº AARC 192 / Inglês
RG 14.169.802-0 – SSP-SP – CPF 065.801.208-86

Rua Castro Alves, 365 # 303 - Saguaçu
CEP 89221-100 - Joinville – SC - Brasil
Telefone (47) 3028.2473 - Celular (47) 8838.3498
E-Mail: rosemary_carvalho@yahoo.com

| Tradução nº 093<br>Translation nº | Livro/Book 2 | Fls/Page<br>068 |
|---|---|---|

That said, I hereby decide the instruction fulfillment of pages 2047, item I, thus adopting as questions those ones listed on pages 2041/2044 and 2075/2078.

Abide it.
Notify .

Balneario Camboriu(SC), March 14th , 2008

(illegible sig)
Dayse Herget de Oliveira Marinho
Court Judge

3.TABELIONATO DE NOTAS
Ursula Romanus Hardt
Joinville - SC
Reconheco por Semelhanca(s) a(s) Firma(s) de:
[7EiA15t2]-ROSEMARY IVONE CARVALHO........ TEIXEIRA....................
Em testemunho da Verdade
Joinville/SC., 11 de Abril de 2008
CARMEN LENISE SANT'ANNA
ESCREVENTE NOTARIAL
Func. JAQUELINE FERNANDES ALVES

3º TABELIONATO DE NOTAS
BGL41235

In witness whereof, nothing else was written on the document above, which I return with this translation typed in one copy that I checked, found in accordance and sign.

Joinville, April 10th , 2008

3º TABELIONATO DE NOTAS

Rosemary Ivone Carvalho Teixeira

TOTAL FEES (B): R$ 61,06 (sixty one Brazilian reales 06/100)
1,42 pages x R$ 43,00 - Receipt no. 039 #



2092

**EXCELENTÍSSIMA SENHORA DOUTORA JUÍZA DE DIREITO DA 3ª VARA CÍVEL DA COMARCA DE BALNEÁRIO CAMBORIÚ – SANTA CATARINA**

**Autos número 005.03.000544-7**

**FRANCO CECCHINI BRUNI NETO**, por um de seus procuradores, vem nos autos da AÇÃO DE **INDENIZAÇÃO POR DANOS MATERIAIS, EMERGENTES, LUCROS CESSANTES E MORAIS,** que move em face dos co-réus **PAUL HEWSON, LARRY MULLEN JR, MÁRIO MARQUES e JORNAL "O GLOBO"**, respeitosamente, a presença de Vossa Excelência, manifestar-se a respeito do teor do pedido de oitiva da testemunha Craig Evans, via Carta Rogatória, a ser expedida para os Estados Unidos da América:

Cumpre, em primeira análise, configurar o absurdo em que se baseia a justificativa à produção da prova (fls. 2.032-2.035), onde a defesa dos Co-réus Paul Hewson e Larry Mullen Jr., lastreia-se no pronunciamento deste MM. Juízo às fls. 1.926, para justificar o pedido aduzido.

É fato, porém, que o deferimento da prova, a despeito da vontade das partes, fica sujeito às sábias considerações do julgador, que, somente após vislumbrar a sua lisura e pertinência, defere ou não tal produção.